IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| YOLANDA LOPEZ SALDIVAR<br>*Plaintiff* | § § § § § § § § | |
| VS. | | Civil Action No. 20-220 |
| TATSIANA SERVOKAYA<br>*Defendant* | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

NOW COMES Plaintiff, Yolanda Lopez Saldivar and files her Original Complaint against Defendant Tatsiana Servokaya. In support thereof, Plaintiff would respectfully show the Court as follows:

### I.
### PARTIES

1.1   Plaintiff, Yolanda Lopez Saldivar, is a citizen of McAllen, Hidalgo County, Texas.

1.2   Defendant, Tatsiana Servokaya (Defendant "Servokaya"), was a citizen of Illinois at the time of the subject crash. Defendant Servokaya may be served with process by serving her home address of 760 Court of Birch, Vernon Hills, IL 60061.

### II.
### VENUE AND JURISDICTION

2.1.   This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum of $75,000.00, and there is complete diversity because the case and controversy is between citizens of different states.

2.2     This Court has specific personal jurisdiction over Defendant Servokaya because she purposefully directed her activities toward the State of Texas and purposefully availed herself of the privileges and benefits of conducting business in the State of Texas.  This lawsuit arises foreseeably from the activities that Defendant Servokaya purposefully directed toward Texas and the claims against Defendant Servokaya arise directly from her contacts with the State of Texas insofar as Defendant Servokaya committed a tort, in whole or in part, in Texas and Plaintiffs' claims in this lawsuit seek to impose liability against Defendant Servokaya for the conduct that occurred and caused injury in Texas.  The exercise of specific personal jurisdiction over Defendant Servokaya comports with traditional notions of fair play and substantial justice and is consistent with both due process and the Texas Long Arm statute.

2.3     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Specifically, the crash giving rise to this lawsuit occurred in Hidalgo County Texas.

### III.
### BACKGROUND FACTS

3.1     On April 13, 2019 at roughly 12:06 p.m., Plaintiff was driving eastbound at 2900 Military Highway in Hidalgo County, Texas, with the right of way, in a 2005 green Lincoln Town Car.  Suddenly and without warning, Defendant Servokaya crashed her 2018 White Volvo Tractor-Trailer into the entire passenger side of Plaintiff's vehicle, failing to yield the right of way to Plaintiff. As a proximate result of Defendant's negligence, Plaintiff was severely injured.

## CAUSES OF ACTION AGAINST DEFENDANT SERVOKAYA

### IV.

#### NEGLIGENCE

4.1 Defendant Servokaya committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused both the crash in question and Plaintiffs' damages.

4.2 Defendant Servokaya owed a duty to Plaintiff to exercise ordinary care but breached that duty. Defendant Servokaya's acts or omissions of negligence include, without limitation, one or more of the following:

(a) Operating a vehicle on a public roadway while failing to keep a proper lookout;

(b) Merging onto the highway when unsafe;

(c) Failing to safely operate the subject tractor-trailer;

(d) Failing to yield the right of way to oncoming traffic;

(e) Failing to pay attention to attendant traffic and driving conditions; and

(f) making an unsafe lane change.

## DAMAGES

### V.
#### ACTUAL DAMAGES

5.1 As a result of the subject crash, Plaintiff has suffered in the past, and will in reasonable probability suffer in the future, damages including physical pain and mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses. Those damages were proximately caused by the negligence of the Defendant.

## VI.
### PREJUDGMENT AND POST-JUDGMENT INTEREST

6.1    Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## VII.
### CONDITIONS PRECEDENT

7.1    All conditions precedent to Plaintiff's right to recover and Defendant's liability have been performed or have occurred.

## VIII.
### JURY DEMAND

8.1    Plaintiff requests a trial by jury and tenders the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from Defendant for her actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show herself to be justly entitled, whether at law or in equity.

Respectfully Submitted,

WATTS GUERRA LLP
4 Dominion Drive
Building 3 - Suite 100
San Antonio, Texas 78257
Telephone: 210.447.0500
Fax: 210.447.0501

By: /s/ - Jorge L. Mares
MIKAL C. WATTS
State Bar No. 20981820
Email: mcwatts@wattsguerra.com
FRANCISCO GUERRA, IV.
State Bar No. 00796684
Email: fguerra@wattsguerra.com
JORGE L. MARES
State Bar No. 24087973
Email: jmares@wattsguerra.com
JENNIFER A. NEAL
State Bar No. 24089834
Email: jneal@wattsguerra.com

**ATTORNEYS FOR PLAINTIFF**